UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARY HARLEY,

    Plaintiff,

v.

PHILADELPHIA CITY HALL, *et al.*,

    Defendants.

Civil Action No.: 1:19-cv-01431 (UNA)

**FILED JUN 1 0 2019**
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The court will grant the *in forma pauperis* application and dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B), by which the court is required to dismiss a case "at any time" if it determines that the action is frivolous.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

Plaintiff, a resident of Philadelphia, sues Philadelphia City Hall, unnamed Philadelphia council members, the Philadelphia District Attorney, the Governor of Harrisburg, PA, and the President of the United States. Plaintiff alleges unspecified civil rights violations, stating that [sic] "[i]n the Bill of Rights of the Constitution does not state that an government official state or federal government agency, state police officers, any military official corporate or commander, or army,

1

corporate or commander, or army, navy, or marines not one higher superior supreme United States courts or lower judicial court or any psychologist or research scientists or any physician (doctor) have any rights to brain scan a human brain (mind) + use electronics automation telecommunication or radio studio police walkie talkies + talk to a human mind and drive them crazy." Plaintiff seeks monetary damages, seemingly alleging that she and her daughter have been improperly surveilled by "the government in Washington, D.C. and the city of Philadelphia," by way of wire detector, creating "public voices" and "vibrating" within her person. The remainder of the complaint consists of rambling and unconnected statements and allegations.

This court cannot exercise subject matter jurisdiction over a frivolous complaint. *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins."). A court may dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307-08.

The instant complaint satisfies this standard. In addition to failing to state a claim for relief, the complaint is deemed frivolous on its face. Consequently, the complaint and this case will be dismissed. A separate order accompanies this memorandum opinion.

Date: June 7, 2019

_____
United States District Judge